# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW KELLER,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 1:11-2222** |
| v. | : | **(RAMBO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **ROBERT COLLINS, P. DAMITER,** | : | |
| **Lt. POPSON, A. KOVALCHIK, and** | | |
| **M. LORADY,** | : | |
| **Defendants.** | : | |

### **REPORT AND RECOMMENDATION**[1]

On November 30, 2011, the plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 against defendants Collins, Damiter, Popson, Kovalchik and Lorady. (Doc. No. 1). On that same day, the plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. No. 2). However, the plaintiff's motion to proceed *in forma pauperis* was incomplete as plaintiff had failed to submit the required authorization form. Consequently, the plaintiff was directed to file a completed application to proceed *in forma pauperis* or pay the appropriate filing fee. (Doc. No. 5). As such, on December 14, 2011, the plaintiff filed a completed application to proceed *in forma pauperis*. (Doc.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

No. 6), (Doc. No. 7).

As the plaintiff is proceeding *in forma pauperis*, the court accordingly is giving the complaint preliminary consideration pursuant to 28 U.S.C. 1915(e)(2)(B).[2] In giving the complaint preliminary consideration pursuant to 28 U.S.C. 1915(e)(2)(B), the court will recommend that the plaintiff's complaint be dismissed.

I.   **Background**

The plaintiff, who is presently confined at SCI-Frackville, alleges that, on June 12, 2011, the toilets on his tier had backed up causing flooding throughout his tier. (Doc. No. 1 at ¶9). As such, the plaintiff was temporarily placed in the RHU yard, and then moved to a new cell for seven days. *Id.* at ¶¶ 10-15. Plaintiff complains that this cell was filthy and that, while in that cell, he was deprived of (1) his personal property, namely his religious materials, legal materials, books, magazines, writing paper and pictures of his family; (2) clothing; (3) hygiene items; (4) bedding; (5) toilet paper; (6) warmth (as the

---

[2] Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding *in forma pauperis* "if the court determines that . . . the action or appeal (I) is frivolous or malicious; ( ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

cell was air conditioned); (7) cleaning utensils; (8) yard time; and (9) water for two days. *Id.*

Additionally, the plaintiff alleges that his religion is Islam, and that as a Muslim he is required to pray five times a day on a clean surface, as well as read from the Quaran. *Id.* at ¶16. However, due to the alleged condition of his cell, and the fact that he was without his Quaran, he allegedly was unable to fulfill those religious requirements. *Id.*

Finally, the plaintiff alleges that the defendants were aware of the conditions he was subjected to because (1) the defendants' subordinates had notified them, and (2) the plaintiff had notified the defendants of the conditions he was subjected to via written request slips. *Id.* at 4. Plaintiff further alleges that despite the defendants' knowledge, they allowed the plaintiff to remain in those conditions for seven days. *Id.*

Based on the foregoing, the plaintiff filed this complaint claiming violations of his First and Eighth Amendment Rights, and that the defendants are liable pursuant to a theory of supervisory liability. (Doc. No. 1).

**II.   Discussion**

In Count 1 of the complaint, the plaintiff brings an Eighth Amendment

conditions of confinement claim due to the fact he was subjected to and/or deprived of clothing, recreation, excessive air conditioning, water, bedding, hygiene items, and cleaning supplies for seven days.

> A prisoner making a conditions of confinement claim must satisfy the two-part test established by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994). First, the prisoner must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation marks and citation omitted). Second, the prisoner must show that the defendant was "deliberately indifferent" to inmate safety. *Id.*

*Adderly v. Ferrier*, 419 Fed. Appx. 135, 139 (3d Cir. 2011).

Although the conditions the plaintiff was allegedly subjected to for seven days may have been harsh, it does not appear that these alleged deprivations amounted to the denial of "the minimal civilized measure of life's necessities." *See id.* (finding no Eighth Amendment violation where plaintiff was deprived of clothing, toiletries, legal mail, a pillow, and a mattress, and was denied access to the law library and showers for seven days); *Sloan v. Sobina*, No. 09-0100, 2011 U.S. Dist. LEXIS 128097, at *16-17 (W.D. Pa. Oct. 11, 2011) (collecting cases); *Pilkey v. Lappin*, No. 05-5314, 2006 U.S. Dist. LEXIS 44418, at *41-42 (D.N.J. June 26, 2006) (dismissing Eighth Amendment claims regarding air conditioning). Consequently, the court recommends that plaintiff's Eighth Amendment claim in Count 1 of the complaint be dismissed.

In Count 2 of the complaint, the plaintiff claims that his First Amendment rights were violated because, for seven days, he was unable to read from the Quaran, unable to perform certain cleansing rituals, and unable to wear the right clothing. The Supreme Court has held that an inmate alleging that actions taken by prison officials violated his or her exercise of religion must first establish an actual infringement upon a sincerely held religious belief. *See* [Sherbert v. Varner, 374 U.S. 398, 403-04 (1963)](); [Dehart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000)](); [Africa v. Pennsylvania, 662 F.2d 1025, 1029-30 (3d Cir. 1981)](). Further, the policy or practice in question will only be deemed an unconstitutional restraint if it is not "reasonably related to legitimate penological interests." [Turner v. Safley, 482 U.S. 78, 89 (1987)]().

Here, the plaintiff's allegations indicate that he was moved to a different cell in order to facilitate the legitimate prison interest of fixing the alleged flooding problem on his tier. Thus, there is no indication that prison officials intended to interfere with plaintiff's religious activities. To the contrary, the plaintiff's allegations indicate that the prison's purpose was simply to resolve the toilet and flooding issues. Furthermore, during the seven days plaintiff was in a different cell, he was still permitted to engage in individual prayer. Although plaintiff's temporary cell change may have interfered with his

religious activities, it has long been held that the logistics of incarceration and an institution's legitimate penological objectives require and justify limitations on numerous privileges and rights. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987); *see also Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326 (3d Cir. 1987). Consequently, the court recommends that plaintiff's First Amendment claim in Count 2 of the complaint be dismissed. *See Ebersole v. Wagner*, No. 99-4526, 1999 U.S. Dist. LEXIS 19410, at *7 (E.D. Pa. Dec. 20, 1999) (dismissing claim where prisoner was deprived of access to religious services for 6 days, as he was not kept from practicing religion within his cell, and reasons were reasonably related to legitimate security concern), *aff'd*, 229 F.3d 1137 (3d Cir. 2000); *Lolley v. La. Corr. Servs.*, No. 09-0555, 2011 U.S. Dist LEXIS 116283, at *21-22 (S.D. Ala. Sept. 9, 2011) ("Even in cases where inmates are actually deprived of their religious items temporarily, courts have consistently held that temporary deprivation does not amount to a constitutional violation.") (collecting cases).

In Count 3 of the complaint, the plaintiff seeks to impose liability on the defendants for violations of his First and Eighth Amendment rights under a theory of supervisory liability. More specifically, plaintiff alleges that the defendants were aware of the conditions he was subjected to because (1) the

defendants' subordinates had notified them, and (2) the plaintiff had notified the defendants of the conditions he was subjected to via written request slips. Plaintiff further alleges that despite the defendants' knowledge, they allowed the plaintiff to remain in those conditions for seven days.

It appears that plaintiff has failed to state a claim against defendants Collins, Damiter, Popson, Kovalchik and Lorady. As the Third Circuit has explained, in order to state a claim of supervisory liability, a plaintiff must show personal involvement through "allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, the plaintiff's allegations merely indicate that the supervisory defendants possessed knowledge, after the fact, of the alleged violations of plaintiff's constitutional rights. As such, there is no indication that any of the defendants were personally involved in the alleged violations of plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) (Liability under §1983 is personal in nature and, therefore, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution.) (collecting cases). Therefore, the plaintiff has failed to state a claim for supervisory

liability against the defendants and, as such, the court recommends that plaintiff's supervisory liability claim in Count 3 of the complaint be dismissed.³

*Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999) (liability under §1983 may not be based on the doctrine of *respondeat superior*, namely the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law).

Consequently, the court recommends that the complaint be dismissed. In addition, the court notes that, although a plaintiff shall generally be granted leave to amend a complaint before dismissing it as merely deficient, dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice, or futility. *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Here, it appears that leave to amend would be futile because the alleged conditions of confinement and interference with his religious activities do not amount to a violation of plaintiff's constitutional rights.

---

³ Additionally, the court notes that an alternative reason for dismissing the supervisory liability claims against the defendants in Count 3 is that the plaintiff has failed to establish that any of his constitutional rights have been violated.

## III.  RECOMMENDATION[4]

For the reasons elaborated above, **IT IS RECOMMENDED THAT:**

**(1)** the complaint, (Doc. No. 1), be **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B), and

**(2)** plaintiff's motion to appoint counsel, (Doc. No. 9), be dismissed as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** January 3, 2012
O:\shared\REPORTS\2011 Reports\11-2222-01.wpd

---

[4] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.