IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW KELLER,** | : | **CIVIL NO. 1:11-CV-2222** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Mannion)** |
| **ROBERT COLLINS; P. DAMITER;** | : | |
| **LT. POPSON; A. KOVALCHIK;** | : | |
| **and M. LORADY,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**I.**   **Background**

On November 30, 2011, plaintiff Matthew Keller (Keller) filed a prisoner civil rights suit pursuant to 42 U.S.C. § 1983. Count 1 is a claim of violation of his Eighth Amendment rights based on conditions of confinement. Count 2 is an allegation of a violation of his First Amendment right of free exercise of his religious beliefs. Count 3 seeks to impose a liability on certain defendants on the theory of supervisory liability.

On January 2, 2012, the magistrate judge to whom this matter was referred filed a report in which he recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (doc. 12). Appended to the report and recommendation was a notice advising Keller of the fourteen day period, from the date of service, in which to file objections to the magistrate judge's report and recommendation. Counting fourteen days, plus adding the three days for mailing rule, brings the objections deadline to January 20, 2012.

On January 26, 2012, Keller filed a motion for leave to file an amended complaint (doc. 14). In its memorandum denying the motion for leave to file an amended complaint, this court cited to Federal Rule of Civil Procedure 15(a)(2) and

incorrectly stated that a request to amend be filed within 21 days.  While this is correct as to Federal Rule of Civil Procedure 15(a)(1)(A), it is not applicable to 15(a)(2).  Keller's complaint was never served.  This court also erred in assuming that the Standing Practice Order contained Middle District Local Rule 15.1, which requires any motion to amend have the proposed amended complaint attached as an exhibit.  This local rule is not contained in the Standing Practice Order.

The court agrees that leave of court should be freely given when circumstances warrant amendment.  The court, however, denied the motion to amend by order dated February 1, 2012.  On March 2, 2012, Keller filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  While there has not been a proposed amended complaint filed by Keller, he does set forth his allegations pursuant to his Eight and First Amendment claims in his brief in support of the motion to alter or amend judgment (doc. 18).

**II.**     **Discussion**

This court has considered the facts and arguments set forth in Keller's brief in support of his motion to alter or amend the judgment.  The motion will be construed as one for reconsideration.

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

      The magistrate judge concluded in his report and recommendation (doc. 12), that leave to amend would be futile based on the facts presented and do not amount to a violation of Keller's constitutional rights.  A reading of the facts presented in his brief in support of his motion to amend shows no additional facts to those already presented in the original complaint.  While Keller may disagree with the findings and conclusions, he has presented no additional facts or new law that would cause this court to vacate the judgment of February 1, 2012.

**III.**      **Conclusion**

      Plaintiff has not met the three requirements needed to grant reconsideration of the judgment entered on February 1, 2012.  An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated:  March 7, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW KELLER,** | : | **CIVIL NO. 1:11-CV-2222** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Mannion)** |
| **ROBERT COLLINS; P. DAMITER;** | : | |
| **LT. POPSON; A. KOVALCHIK;** | : | |
| **and M. LORADY,** | : | |
| **Defendants** | : | |

# <u>O R D E R</u>

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) the motion filed pursuant to Federal Rule of Civil Procedure is deemed a motion for reconsideration (doc. 17).

2) The motion for reconsideration is **DENIED**.

3) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

                                                                           s/Sylvia H. Rambo
                                                                   United States District Judge

Dated: March 7, 2012.